NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0597n.06
Filed: July 14, 2005

No. 03-3078

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| FATIMATA SOW, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | **ON APPEAL** FROM THE |
| | ) | BOARD OF IMMIGRATION |
| ALBERTO GONZALES, ATTORNEY GENERAL, | ) | APPEALS |
| | ) | |
| Respondent-Appellee. | ) | **MEMORANDUM OPINION** |

**BEFORE: NORRIS and DAUGHTREY, Circuit Judges; JORDAN, District Judge.**[*]

**PER CURIAM.** Petitioner Fatimata Sow, a citizen of Mauritania, appeals the denial of her application for withholding of removal or, in the alternative, for asylum.

This court has carefully reviewed the briefs of the parties and the administrative record developed below. As with many of the applications for withholding of removal and asylum reviewed by this court, petitioner has established that she has suffered hardships in her native land. However, the immigration judge concluded that, despite the adversity that she has encountered, petitioner had not met "the burden imposed on her to establish eligibility for asylum, [and] perforce she has not met the burden required of her to demonstrate eligibility for withholding of removal."

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of Tennessee, sitting by designation.

Oral Decision, September 24, 1998 at 16. The Board of Immigration Appeals (the "Board")

summarily affirmed the decision of the immigration judge without opinion on December 16, 2002.

When reviewing the denial of an asylum request or withholding of removal, we apply the

following standard:

> The Board's determination "must be upheld if 'supported by reasonable, substantial,
> and probative evidence on the record considered as a whole.'" *INS v.
> Elias-Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting
> 8 U.S.C. § 1105a(a)(4)). Under this deferential standard, we may not reverse the
> Board's determination simply because we would have decided the matter differently.
> *Mikhailevitch v. INS*, 146 F.3d 384, 388 (6th Cir. 1998); *Klawitter v. INS*, 970 F.2d
> 149, 151-52 (6th Cir. 1992). In order to reverse the Board's factual determinations,
> we must find that the evidence "not only supports a contrary conclusion, but indeed
> compels it." *Klawitter*, 970 F.2d at 152. The Supreme Court has explained that the
> appropriate inquiry is whether the evidence "was such that a reasonable factfinder
> would have to conclude that the requisite fear of persecution existed."
> *Elias-Zacarias*, 502 U.S. at 481, 112 S.Ct. 812.

*Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001). In this particular case, because the Board

affirmed the immigration judge without opinion, we review the immigration judge's decision as the

"final agency determination." 8 C.F.R. § 3.1(a)(7)(iii) (2002).

While petitioner has come forward with evidence of hardship, we cannot say that it compels

a contrary conclusion to that reached by the immigration judge whose oral decision explained why

he discounted certain aspects of petitioner's testimony before concluding that she had failed to

establish eligibility for asylum or withholding of removal.

The oral decision of the immigration judge and adopted by the Board is **affirmed**.